1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AARON W. ASHBY,                              No.  2:20-cv-0544 DB P

12                     Plaintiff,

13           v.                                     ORDER

14    TOM BOSENKO, et al.,

15                     Defendants.

16

17           Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18    § 1983.  Plaintiff claims his rights were violated when he was directed to clean a cell without

19    being provided adequate safety equipment.  Presently before the court is plaintiff's motion to

20    proceed in forma pauperis (ECF No. 10) and his complaint for screening (ECF No. 1).  For the

21    reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss

22    the complaint with leave to amend.

23                                      **IN FORMA PAUPERIS**

24           Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25    1915(a).  (ECF No. 10.)  Accordingly, the request to proceed in forma pauperis will be granted.

26           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

1   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2   forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments

3   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

6   1915(b)(2).

**SCREENING**

7

8   **I.    Legal Standards**

9         The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

11  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

12  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

13  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

14  U.S.C. § 1915A(b)(1) & (2).

15        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

17  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

18  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

19  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

20  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

21  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25        However, in order to survive dismissal for failure to state a claim a complaint must

26  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

27  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

28  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.      Allegations in the Complaint

Plaintiff claims the events giving rise to the claim occurred while he was incarcerated in the Shasta County Jail.  (ECF No. 1 at 2.)  He names the following defendants: (1) Sheriff Tom Bosenko; (2) the Shasta County Sheriff's Office; (3) captain Dave Kent; (4) sergeant Tanner; (5) deputy Smith; and (6) the Shasta County Jail.  (Id.)

////

3

Plaintiff alleges that on August 28, 2018, deputy Smith told him to clean out cell number 16.  (Id. at 3.)  He alleges he was not "given any safeguards such as gloves, hazmat suit, [or] disinfectant."  Rather he was given "a mop, bucket, [and] broom."  Plaintiff told officer Smith he had an open wound, but "was told 'It wouldn't hurt me to do some work.'"  (Id.)  Plaintiff had to clean "urine, fecal matter, along with misc[ellaneous] trash" while he was in his "boxers [and] shower shoes."  He also was not given a change of clothes or a decontamination shower.

Plaintiff states he now has anxiety and wants "compensation in the amount of $2 million dollars."  (Id.)

**III.     Does Plaintiff State a Claim under § 1983?**

**A.  Eighth Amendment**

The Eighth Amendment requires prison officials to provide humane conditions of confinement.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Uncomfortable or even harsh living conditions do not implicate the Eighth Amendment.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  "[O]nly those deprivations denying 'the minimal civilized measures of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted).  "Prison officials have a duty to ensure that prisoners are provided adequate food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).  "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred."  Id.

A prison official may be liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not,

4

then the official has not violated the Eighth Amendment, no matter how severe the risk.'"
Toguchi, 391 F.3d at 1057 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188
(9th Cir. 2002)).

Courts that have analyzed facts similar to those presented in the complaint have found that
such allegations stated a claim where exposure to unsanitary conditions stated a claim where such
exposure was prolonged, happened on multiple occasions, or caused physical harm to the
plaintiff.  DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001) (thirty-six hour exposure to
other inmates' urine and feces due to flooding was sufficiently serious to state a successful
conditions of confinement claim); Weathers v. Loumakis, No. 2:15-cv-0027 JAD PAL, 2017 WL
4038401 at *4 (D. Nev. Sept. 13, 2017) (denying summary judgment on plaintiff's claim that he
was given shower shoes, a broom, a squeegee, and a mop bucket to clean toilets that overflowed
on multiple occasions); McDaniels v. Elfo, No. C12-1289 TSZ MAT, 2013 WL 7231585 at *6
(W.D. Washington, Nov. 14, 2013) (plaintiff's allegation that he was forced to clean his cell, the
dayroom, and shower area with harmful chemicals and without hot water or rubber gloves,
resulting in pain and damage to his hands stated an Eighth Amendment claim).  However, where
the exposure was limited to one instance and the plaintiff was not harmed courts tend to find that
such allegations do not amount to an Eighth Amendment violation.  Cook v. Long, No.
1:05CV211 HEA, 2009 WL 1578924 at *4 (E.D. Missouri June 3, 2009) (finding plaintiff failed
to state a cognizable Eighth Amendment claim where he was given sponges, cleaning rags, a
toilet bowl brush, and clean water with cleaning chemicals to use while cleaning his cell in
administrative segregation, but was not provided with a mop or gloves.)

As alleged in the complaint, plaintiff's exposure was limited to one occasion that was not
prolonged and he did not suffer a physical injury.  Accordingly, the court finds that he has not
alleged a sufficiently serious deprivation to state an Eighth Amendment claim.

### B.  Failure to Name Proper Defendants

#### 1.  Eleventh Amendment Immunity

Plaintiff has named the Shasta County Sheriff Office and the Shasta County Jail as
defendants in this action.  (ECF No. 1 at 2.)  "The Eleventh Amendment prohibits federal courts

1   from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley

2   Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla.

3   v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.,

4   506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

5   The Eleventh Amendment bars suits against state agencies as well as those where the state itself

6   is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp.,

7   96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045

8   (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to

9   Eleventh Amendment immunity from suit).

10          Because the Shasta County Sheriff is a state agency it is entitled to Eleventh Amendment

11   immunity from suit.  The Shasta County Jails is also not a proper defendant.  See Polk County v.

12   Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978).

13                         **2.  Supervisory Defendants**

14          Plaintiff has identified the Sheriff Bosenko, Captain Kent, and Sergeant Tanner, as

15   defendants in this action.  However, he has not provided any factual allegations linking these

16   defendants to the events giving rise to his claim.

17          The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link

18   between the actions of the defendants and the deprivation alleged to have been suffered by

19   plaintiff.  See Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S.

20   362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

21   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

22   in another's affirmative acts or omits to perform an act which he is legally required to do that

23   causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

24   Cir. 1978).  To state a claim for relief under § 1983, plaintiff must link each named defendant

25   with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

26          Additionally, supervisory personnel are generally not liable under § 1983 for the actions

27   of their employees under a theory of respondeat superior and, therefore, when a named defendant

28   holds a supervisorial position, the causal link between him and the claimed constitutional

1    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

2    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

3    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

4    Ivey, 673 F.2d at 268.

5            The allegations in the complaint fail to show that defendants Bosenko, Kent, and Tanner

6    were involved in the alleged rights deprivations.  Additionally, they cannot be liable based solely

7    on their supervisory positions.  Therefore, plaintiff has failed to state a claim against these

8    defendants.

9                                    **AMENDING THE COMPLAINT**

10           In any amended complaint, plaintiff must demonstrate how the conditions about which he

11   complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  Also,

12   the complaint must allege in specific terms how each named defendant is involved.  Arnold v.

13   Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42

14   U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action

15   and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and

16   conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey,

17   673 F.2d at 268.

18           Plaintiff is advised that in an amended complaint he must clearly identify each defendant

19   and the action that defendant took that violated his constitutional rights.  The court is not required

20   to review exhibits to determine what plaintiff's charging allegations are as to each named

21   defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The

22   charging allegations must be set forth in the amended complaint, so defendants have fair notice of

23   all claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in

24   support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See

25   Fed. R. Civ. P. 8(a).

26           In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

27   R. Civ. P 10(b).  The amended complaint must show the federal court has jurisdiction, the action

28   is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 10) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

8

3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4.  Within sixty (60) days of the date of this order plaintiff shall file an amended complaint that complies with the with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5.  Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  August 27, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/ashb0544.scrn

9